UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIONTAE HARPER and<br>AMONTI McCLURE | No. 23 CR 620<br><br>Judge Manish S. Shah |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1.  All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.  Defendants and defendants' counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure. Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. Aside from exceptions above, the Materials and their

contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. The Materials shall not be copied or reproduced, except in order to utilize or provide copies of the Materials for use in connection with this case. Such copies and reproductions shall be treated in the same manner as the original Materials.

4. Notes or records of any kind that any individual makes in relation to the contents of the Materials are to be treated in the same manner as the Materials.

5. Each individual who reviews any of the Materials must <u>first</u> sign the attached statement acknowledging that they have received a copy of and reviewed this Order and have agreed to be bound by its terms and conditions subject to possible sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each such person for a period of twelve months after the conclusion of all stages of this case and shall provide copies of each signed statement to the Court for *in camera* review upon a showing by the government that there is a reasonable basis for such review.

6. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defense counsel, the restrictions of this Order continue in

effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any Material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the Material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such Material if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored. The United States may extend such time for return.

8. Certain Materials to be disclosed by the government, referred to herein as "Attorney's Eyes Only Materials," contain particularly sensitive information, the unrestricted dissemination of which would adversely affect the privacy and safety of third parties. The Attorney's Eyes Only Materials include materials involving or identifying confidential source(s) that may have cooperated with the government during the course of its investigation, as well as information concerning victims and other witnesses. Attorney's Eyes Only Materials shall be plainly marked as "Attorney's Eyes Only" by the government prior to disclosure. For written Attorney's Eyes Only Materials, the pages that are Attorney's Eyes Only will be individually marked. For other Attorney's Eyes Only Materials, such as audio or video recordings,

the media containing those recordings will be marked as Attorney's Eyes Only in the file name.

9. The general restrictions on Materials described above shall apply equally to Attorney's Eyes Only Materials. In addition, Attorney's Eyes Only Materials and the information contained therein may only be disclosed to (1) counsel for defendants, and (2) persons employed by defense counsel in this matter. Attorney's Eyes Only material **shall not** be shared with any other persons, including defendants, without prior notice to the government and authorization from the Court. Absent prior permission from the Court or agreement of the parties, all Attorney's Eyes Only Materials and information contained therein shall be submitted to the Court under seal and shall not be publicly filed.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery Materials in judicial proceedings in this case, except as outlined in Paragraph 9.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*[signature]*

MANISH S. SHAH
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date: January 1, 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIONTAE HARPER and<br>AMONTI McCLURE | No. 23 CR 620<br><br>Judge Manish S. Shah |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND
PROPER HANDLING OF MATERIALS SUBJECT THERETO**

I _____ (name):

(a)  counsel for the defendant in the above-captioned case;

(b)  a defendant in the above-captioned case;

(c)  am employed as a(n) _____ and I am assisting _____ (attorney) in the preparation of the defense of _____ (defendant); OR

(d)  am participating in an interview with _____ (attorney) regarding the defense of _____ (defendant).

In anticipation of reviewing materials produced by the government in this matter, I have reviewed the attached Order. I understand its contents. I agree that I will only access the Materials for the purposes of preparing the defense case. I will not make any copies of any of the Materials or otherwise disseminate the Materials other than authorized by this Order, without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

DATED: _____

Name: _____